# Holmes *v.* The State.

### *Indictment for Murder.*

1. *Evidence of bad feeling.*—On a trial under an indictment for murder it is competent for the State to prove that "bad feeling" existed between the defendant and the deceased prior to the difficulty which resulted in the homicide.

2. *Same; opinion.*—Where on a trial for murder it appears from the testimony that the deceased and defendants brother were fighting together and that deceased had a hoe raised to strike defendant's brother, when the defendant struck him with an axe, from the effects of which he died, and the hoe has been fully described to the jury, it is not competent for the defendant to ask a witness "whether or not the hoe that Henry Mann (the deceased) had was of such weight and strength as that he could have killed a man within striking distance "

3. *Charge ignoring opportunity for escape.*—On a trial for murder, a charge, "if the jury believe from the evidence that defendant struck the fatal blow when there was a present, pressing necessity to strike in order to save the life of his brother, or to save his brother from great bodily harm, then the law casts upon the State the burden of showing, beyond a reasonable doubt, that the defendant's brother was at fault in bringing on the difficulty," was properly refused, inasmuch as it ignores the question whether or not there was a reasonable way of escape to defendant by which the necessity to strike might have been avoided.

4. *Same; misplacing burden of proof.*—On a trial for murder a charge that "If the defendant struck the fatal blow when there was a present, pressing necessity to strike in order to save the life of his brother or to save his brother from great bodily harm, then the burden is upon the State to show that defendant's brother could have escaped from the difficulty without increasing the peril, and unless the jury believe from the evidence beyond a reasonable doubt that defendant's brother could have reasonably escaped from the difficulty without increasing his peril, then the defendant had the right to strike the fatal blow whether the necessity was real or only reasonably apparent to the defendant; if he struck the fatal blow under these circumstances and for the sole purpose of saving his brother's

[Holmes v. The State.]

life or to save his brother from great bodily harm and his brother was
without fault in bringing on the difficulty then the jury must find
the defendant not guilty" is properly refused, inasmuch as it places on
the State the burden of proving affirmatively that the defendant
could have escaped from the difficulty without increasing his peril—
(Following *Gibson v. The State*, 89 Ala. 121, which repudiates, on this
point, *Brown v. The State*, 83 Ala. 33).

5. *Same; burden of proof as to fault of defendant in bringing on the
difficulty.*—On a trial for murder, when a case of self-defense is made
out by the defendant, the burden rests on the State to prove affirma-
tively that the defendant was in fault in bringing on the difficulty,
and if it appears that he was not free from fault in provoking or
bringing on the difficulty the law will not shield him from the conse-
quences of the homicide, the result of his own fault, although at the
time of the killing there was a pressing necessity to strike to save his
own life, and there was no mode of escape.

6. *Argumentative and misleading charge.*—It is not error for the trial
court to refuse to give charges that are argumentative and mislead-
ing.

Appeal from the Circuit Court of Clay.

Tried before the Hon. N. D. Denson.

The appellant was indicted and tried for the murder of
one Henry Mann, and was convicted of murder in the second
degree, and sentenced to the penitentiary for ten years.

The evidence as to the particulars of the difficulty, in
which the deceased was killed, and how it arose, was in
conflict.

The evidence for the State tended to show that the de-
fendant and his brother, Thomas Holmes, and the deceased
and his three sons were coming from their work on the
road; that Jim Mann, a son of the deceased, and Thomas
Holmes, a brother of the defendant, got into a quarrel;
that Thomas Holmes was charged with bringing on this
difficulty, and that after the passage of several quarrelsome
words, Thomas Holmes struck at Jim Mann with his hoe;
that Henry Mann (the deceased) ran up and threw his hoe
under the hoe of Thomas Holmes, catching the blow as it
came down, and that while standing there with their hoes
locked the defendant ran back about 10 or 15 feet and
struck Henry Mann with the blade of an axe, from which
blow he died.

The testimony for the defendant tended to show that Jim
Mann was at fault in bringing on the difficulty, and that
while Thomas Holmes and Jim Mann were standing with
their hoes locked, the deceased (Henry Mann) ran up and
struck Thomas Holmes in the head with his weeding hoe,
knocking him to his knees, and that as he raised the hoe
about to strike him again, the defendant ran back to where
they were fighting and struck Henry Mann with an axe.

6

[Holmes v. The State.]

During the examination of one of the witnesses for the State the solicitor asked him the following question: "Do you know of any bad feeling between defendant and deceased prior to the difficulty?" The defendant objected to this question, and duly excepted to the court's overruling his objection. Upon the witness answering "I know there was bad feeling between the defendant and deceased prior to the difficulty," the defendant moved to exclude this answer, and his motion being overruled by the court, duly excepted.

During the examination of another witness, and after he had described the hoe which the deceased had, as "an ordinary weeding hoe with a pine handle five or six feet long, fastened in the eye of the hoe," the defendant's counsel asked the witness to state "whether or not said hoe that Henry Mann had was of such weight and strength as that he could have killed a man within striking distance?" The State objected to this question, and the objection being sustained by the court, the defendant duly excepted.

Upon the introduction of all the evidence the defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: (A) "If the jury believe from the evidence that defendant struck the fatal blow when there was a present, pressing necessity to strike in order to save the life of his brother, or to save his brother from great bodily harm, then the law casts upon the State the burden of showing beyond reasonable doubt that defendant's brother was at fault in bringing on the difficulty." (B) "If the defendant struck the fatal blow when there was a present, pressing necessity to strike in order to save the life of his brother, or to save his brother from great bodily harm, then the burden is upon the State to show that defendant's brother could have escaped from the difficulty without increasing his peril, and unless the jury believe from the evidence beyond a reasonable doubt that defendant's brother could have reasonably escaped from the difficulty without increasing his peril, then defendant had the right to strike the fatal blow whether the necessity was real or only reasonably apparent to the defendant; if he struck the fatal blow under these circumstances, and for the sole purpose of saving his brother's life, or to save his brother from great bodily harm, and his brother was without fault in bringing on the difficulty, then the jury must find the defendant not guilty." (C) "The burden is upon the State in this case to prove beyond a reasonable doubt that the defendant's brother was in fault in bringing on the difficulty, and that he could have reason-

VOL. C.

ably escaped from the difficulty without increasing his peril, if the jury believe from the evidence that when defendant struck the fatal blow there was a present, pressing, imperious necessity for defendant to strike in order to save the life of his brother, or to save his brother from great bodily harm, and that defendant struck the fatal blow for the sole purpose of saving his brother's life, or to save his brother from great bodily harm. And it matters not whether such necessity was real or reasonably apparent, in either event, if the defendant struck the fatal blow for the sole purpose of saving his brother's life, or to save his brother from great bodily harm, when such necessity as stated above existed, or was reasonably apparent, and the State has not proven beyond a reasonable doubt that defendant's brother was at fault in bringing on the difficulty, or that he could have reasonably escaped from the difficulty without increasing his peril, then the jury must find the defendant not guilty." (D) "The court charges the jury that if Jim Mann brought on the difficulty with Thomas Holmes, and called Thomas Holmes a damn lie and said his (Thos.) mother had told him a damn lie, and that then Thomas struck Jim Mann, that under the law Thomas was without fault in bringing on the difficulty, if that is all he did to provoke the difficulty, and authorized and justified Thomas Holmes to strike Jim Mann." (E) "The court charges the jury that Major House is not on trial for not staying with Henry Mann after he was stricken, and that they must not, in this case, punish this defendant simply because said House went home to his sick family instead of remaining with said Mann after he was stricken."

R. B. KELLY, for the appellant.

WM. L. MARTIN, Attorney-General for the State.

COLEMAN, J.—The defendant was convicted of murder in the second degree. The first exception was to the action of the court, overruling an objection to the question, "Do you know of any bad feeling between defendant and deceased prior to the difficulty?" It was competent to prove bad feeling as tending to show malice. "Bad feeling" is a fact to which a witness may testify. It stands in the category of health, sickness, good humor, anger, jest. *Polk v. State*, 62 Ala. 237. The next exception was to the ruling of the court, in sustaining an objection to the question "State whether or not the hoe that Henry Mann had was of such

weight and strength, as that he could have killed a man within striking distance ?" The hoe and handle had been described to the jury. The fact attempted to be proven was within the knowledge of the jury, as much so as that of the witness. The witness was not an expert in any sense, and his opinion was worth no more than that of any other man. The objection was properly sustained. The next exceptions are to the refusal of the court to give certain instructions, which were requested by the defendant. Charge A. refused, ignores the question as to whether there was, or not, a reasonable way of escape to defendant, by which the necessity to strike might have been avoided, and charge B. places the burden upon the State to prove affirmatively, that defendant could have escaped from the dificulty without increasing his peril. We are referred to the 'case of *Brown v. The State*, 83 Ala. 33. The doctrine declared in *Brown's* case upon this point was repudiated in the subsequent case of *Gibson v. The State*, 89 Ala. 121. There can be no necessity to kill, if there is a way of retreat open to the slayer available by the exercise of reasonable prudence. *Cleveland v. The State*, 86 Ala. 2 ; *Lewis v. The State*, 88 Ala. 11; *Keith v. The State*, 97 Ala. 32.

These principles sustain the ruling of the court as to charges A. B. C. and D. and there was no error in refusing them. It is well settled that the burden is not on the defendant, to prove affirmatively that he was free from fault in bringing on the difficulty. This burden rests upon the State, when a case of self-defense is made out by the defendant ; and if it appears that defendant was not free from fault in bringing on or provoking the difficulty, the law will not shield him from the consequences of committing a homicide, the result of his own fault, although at the time of the killing, there was a pressing necessity to strike, to save his own life, and there was no mode of escape. Authorities *supra* and cases cited. Webb's case ante p. 47.

Charge "E" is argumentative and misleading, and was properly overruled. There is no error in the record and the judgment must be affirmed.

Affirmed.