# Flake v. The State.

*Assault and Battery.*

(Decided June 3, 1911.  56 South. 47.)

1. *Bill of Exceptions; Establishment.*—Under section 3022, Code
1907, this court has a discretion whether it will establish a bill of
exceptions filed within a year after the judgment, but not at the
first call of the division, to which the case is returnable.

2. *Same.*—Where the accused was convicted on November 11,
and the term of the judge who tried him expired Nov. 16, and the
next call of the division to which the case was returnable was on
Nov. 21, and the bill was not signed by the judge trying the cause,
and the application to establish the bill of exceptions was not filed
at the first call of the division, but was filed at the succeeding
term and within one year after the judgment or the expiration of
the term of office of the judge, the application to establish such bill
of exception was filed in time under section 3022, Code 1907.

3. *Homicide; Assault With Intent to Murder; Burden of Proof.*—
Since the burden is on the state in a trial of an assault with intent
to murder to show that the defendant was the aggressor, it was
error to instruct that the burden was on the defendant to show the
necessity, real or apparent, for striking to protect his life or person

[Flake v. The State.]

from great bodily harm, and that before striking, he had no oppor-
tunity to retreat without increasing his danger, real or apparent,
and that he was free from fault in bringing on the difficulty.

APPEAL from Lee Law and Equity Court.

Heard before Hon. A. E. BARNETT.

Addison Flake was indicted for an assault with in-
tent to murder and convicted of an assault and battery,
and he appeals. Reversed and remanded.

BARNES & DENSON, for appellant. Counsel insist that
under the facts in this case, the application to establish
the bill of exceptions was filed in accordance with the
statute, and in time, and that the bill of exceptions as
presented should be established.—Sec. 3022, Code 1907.
They further insist that the court erred in its oral
charge to the jury as to the burden of proof.—*Cleveland
v. The State,* 86 Ala. 1; *Gibson v. The State,* 89 Ala.
121; *Keith v. The State,* 97 Ala. 32; *Wilkins v. The
State,* 98 Ala. 1; *Holmes v. The State,* 100 Ala. 80; *Mc-
Cormack v. The State,* 102 Ala. 156; *Dent v. The State,*
105 Ala. 14; *Morris v. McClellan,* 154 Ala. 639; *Mc-
Bryde v. The State,* 156 Ala. 44.

ROBERT C. BRICKELL, Attorney General, and WILLIAM
L. MARTIN, Assistant Attorney General, for the State.
Counsel insist that the application should have been
made at the first call of the division next after the trial
of the cause, and expiration of the judge's term, and it
not having been so filed, the application came too late,
and the court should decline to establish the bill of ex-
ceptions.—Sec. 3022. Counsel agree that if the bill of
exceptions is established that the court erred in its oral
charge as to the burden of proof, and in support of such
admissions cite the cases cited by appellant and several
other cases.

[Flake v. The State.]

De GRAFFENRIED, J.—The defendant was indicted for assault with intent to murder, was tried and convicted of an assault and battery, and appeals.

The trial was had on the 11th day of November, 1910, and the term of office of the judge who presided at the trial expired on the 16th day of November, 1910, and the next call of the division in the Supreme Court to which the counnty belonged was regularly had on November 21, 1910, five days after the expiration of the term of office of the presding judge and ten days after the judgment of conviction.

Section 3019 of the Code of 1907 provides that a bill of exceptions may be presented to the judge who presided at the trial at any time within 90 days after the rendition of the judgment. Section 3022 of the Code provides that if the judge dies, resigns, or is impeached, or his term of office expires, or from other good cause he does not sign a bill of exceptions duly presented to him within the proper time, the bill of exceptions may be established in the Supreme Court, but the application to establish the same must be filed on or before the call of the next division of said court of the causes of the county in which the case was tried, after such death, resignation, impeachment, or expiration of the term of office of such presiding judge, provided that in no case can such application be filed after one year from the rendition of such judgment. In the present case, the bill of exceptions was not signed by the presiding judge before the expiration of his term of office, and no application to establish a bill of exceptions was filed at the first call of the division of the Supreme Court of the causes of the county in which the conviction was had next after the expiration of the term of office of the presiding judge, but was filed at the succeeding call of said

[Flake v. The State.]

division and within less than 12 months after the expi-
ration of the term of office of said judge.

It is contended on behalf of the state that the appli-
cation to establish the bill of exceptions in this case,
not having been filed at the first call of the division of
the Supreme Court, but at the second call of said divis-
ion after the expiration of the term of office of the pre-
siding judge, comes too late. The statutes relative to
the presentation and the signing of bills of exceptions
and their establishment, when not signed, by appropri-
ate applications to the Supreme Court, should be con-
strued as a whole, for they relate to the same subject-
matter, and they should be so construed and enforced
as to give effect to the legislative purpose which called
them into existence. The right of appeal is too firmly
imbedded in our civil and criminal jurisprudence, and
has been too carefully preserved and amplified by legis-
lative enactment, for us to place upon this staute the
rigid construction asked of us by legal representatives
of the state. While it is the purpose of this statute to
require such application, unless there is good cause
shown for not so doing, to be filed at the first call of the
division of the Supreme Court to which the county be-
longs next after the expiration of the term of office of
the judge presiding at the trial, nevertheless the man-
datory provision that such application shall be made
within one year after the rendition of the judgment
clearly evinces the legislative purpose to lodge in the
Supreme Court a discretion, to be exercised in accord-
ance with the requirements of justice under the facts of
each particular case, as to whether it will establish a
bill of exceptions upon proper proof, filed within a year
after the rendition of the judgment, but not at the first
call of the division of the court to which the county be-.

longed after such expiration of the term of such presiding judge. There are two calls of each division of the Supreme Court each year, and the statute was enacted in the light of that fact, to the end that, if, for any good and sufficient reason under the conditions existing in a particular case, the application was not filed at the first call next after the expiration of said term of office, the Supreme Court should have the power, under the law, upon proper proof, to establish the bill of exceptions.

In the present case, as above stated, the division of the Supreme Court to which the county in which this trial was had belonged was called within ten days after the rendition of the judgment and five days after the term of office of the presiding judge expired. We do not, therefore, feel that the appellant, in the matter of the filing of his application for the establishment of his bill of exceptions, was guilty of such laches as to be penalized by the refusal of this court to consider it, and as it does not appear that the delay has been of injury to the state we hold that, under the circumstances of this case, the application was not unseasonably made.

The proof submitted upon the motion to establish the bill of exceptions shows, without conflict, that it is correct, and the motion of appellant to establish his bill of exceptions is granted.

The evidence for the state tended to show that the defendant made an unprovoked assault upon one Ed Dowdell, cutting him with a knife and inflicting a dangerous wound; while the evidence for the defendant tended to show that he, without fault on his part, was assaulted by Ed Dowdell with a stick, and that "as Ed Dowdell's stick came down the defendant made some motion, and seeemed to grab at said Dowdell, and

caught his arm," and that the difficulty then terminat-
ed.  Thereupon the court gave to the jury the following
oral charge: "On the plea of self-defense interposed by
the defendant, there are three propositions for you to
consider: First, the necessity, either real or apparent,
for the defendant to strike to protect his life or his per-
son from great bodily harm; second, whether the de-
fendant, before striking the blow, had the opportunity
to retreat, without increasing his danger, either real
of apparent; third, whether the defendant was free from
fault in bringing on the difficulty, and on all three of
these propositions the burden of proof is on the defend-
ant." The defendant excepted to that part of said
charge which declared that the burden of proof, on all
three of said propositions, is on the defendant.  That
the court committed reversible error in giving the above
charge is apparent.  The burden was not on the defend-
ant, but on the state, to prove that the defendant was
the aggressor, or provoked the difficulty.—*Holmes v.
State,* 100 Ala. 80, 14 South. 864; *Gibson v. State,* 89
Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; *Webb v. State,*
100 Ala. 52, 14 South. 865.

For the error pointed out, the judgment of the trial
court is reversed, and the cause remanded.

Reversed and remanded.