(78 South. 312)

WILLIAMS v. STATE.    (2 Div. 189.)

(Court of Appeals of Alabama.    March 12, 1918.)

1. HOMICIDE ⬉⟿151(3)—SELF-DEFENSE—AGGRESSOR—BURDEN OF PROOF.

Charging that, to invoke the doctrine of self-defense, defendant has the burden of showing she was not at fault in bringing on the difficulty, is error; the state having the burden to prove defendant was the aggressor or provoked the difficulty.

2. HOMICIDE ⬉⟿300(3)—INSTRUCTIONS—SELF-DEFENSE—DUTY TO RETREAT.

Requested charge that, if defendant was attacked in her home by deceased in such manner as to raise in the mind of a reasonable person the belief that she was in imminent danger of great bodily harm, and she so believed, she was under no duty to retreat, and was justified in taking life, if she was not in fault in bringing on the difficulty, is proper.'

3. HOMICIDE ⬉⟿300(3)—INSTRUCTIONS—SELF-DEFENSE—APPREHENSION OF DANGER.

Requested charge that, if the killing was in defendant's home, and the attending circumstances were such as to justify a reasonable 'person's believing she was in danger of great bodily harm, and she so believed, she was justified in shooting, though she was not in actual danger, unless she was in fault in bringing on the difficulty, is proper.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Evie Lee Williams was convicted of murder, and she appeals. Reversed and remanded.

The following charges were refused to defendant:

(3) If you believe from the evidence that defendant was attacked in her own home by deceased, Tom Hamilton, in such a manner as to raise in the mind of a reasonable man the belief that she was in imminent danger of great bodily harm, and that she had such belief at the time she fired the fatal shot, then she was under no obligation to retreat, and was justified in taking the life of deceased, provided she was without fault in bringing on the difficulty; and the burden of proof in such a case is on the state to show that defendant was at fault in bringing on the difficulty.

(7) The court charges you that if the killing was in the home of defendant, and if the circumstances attending the killing were such as to justify a reasonable man in the belief that she was in danger of great bodily harm, and defendant believed such to be, then she was justified in shooting deceased, although she was not in actual danger; and if defendant acted under such circumstances, the burden of showing that she was not free from fault in bringing on the difficulty is on the state.

Emmett Chisholm and I. I. Canterbury, both of Linden, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant, a woman, was indicted for the offense of murder in the first degree, was tried and convicted of murder in the second degree, and was sentenced to imprisonment in the penitentiary for a term of 15 years. The alleged offense was committed in the dwelling house of the defendant. Self-defense as a justification was set up. There were no exceptions to the ruling of the court upon the evidence, and the only question presented for review on this appeal is the refusal of the court to give several written charges requested by the defendant.

Charges 1, 2, and A were properly refused. These charges were the general affirmative charge in favor of the defendant as to murder in the first degree, and as to murder in the second degree, and as to the charge as a whole. Under the facts in this case, these questions were for the jury, and there was no error in refusing each of these charges.

[1] The court in its oral charge stated: "In order to invoke the doctrine of self-defense, the burden is on the defendant to show that she was not at fault in bringing on the difficulty."

In this there was error; the burden was not on the defendant, but on the state, to prove that the defendant was the aggressor,

or provoked the difficulty. Holmes v. State, 100 Ala. 80, 14 South. 864; Flake v. State, 2 Ala. App. 134, 56 South. 47; Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; Henson v. State, 112 Ala. 41, 21 South, 79.

[2, 3] The court also erred in refusing written charges 3 and 7 requested by the defendant. These charges do not appear to have been substantially and fairly covered by the oral charge of the court, or by the given written charges, and the propositions of law involved in charges 3 and 7 are substantially, if not literally instructions which were approved in Bluett v. State, 151 Ala. 41, 44 South. 84; Bluitt v. State, 161 Ala. 14, 49 South. 854; Holmes v. State, supra; Gibson v. State, 8 Ala. App. 56, 62 South. 895.

For the errors indicated, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.