183 So. 680

**BRAGG v. STATE.**

4 Div. 332.

Court of Appeals of Alabama.

Jan. 11, 1938.

Rehearing Denied March 8, 1938.

Affirmed on Mandate June 30, 1938.

Rehearing Denied Oct. 4, 1938.

J. C. Fleming and J. M. Rowe, both of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of manslaughter in the first degree and his punishment fixed at imprisonment in the penitentiary for the terms of ten years.

It was shown that he shot and killed one Horace Jackson; and that the killing occurred within the home of. appellant.

The sole issue in the case was as to whether or not appellant acted, in shooting deceased, in "self-defense," as that term was minutely defined to the jury by the court.

The trial judge charged the jury, orally, among other things, as follows: "Now this indictment was read to you and the defendant interposed a plea of not guilty to it. This indictment you take out to the jury-room there with you so·that you may refer to it if you care to, but that is its only office other than it is the mode adopted by law for bringing persons to trial on charges preferred by the grand jury of violations of the law. That is its only purpose; it does not go before you as evidence; it does not weigh anything; it does not create any presumption against the defendant, but on the contrary when the indictment was read to you and the plea interposed of not guilty, the law raised up a presumption of his innocence upon that plea and that presumption goes along with him throughout the trial, or until one or the other of the charges embraced in this indictment is established by evidence. *The burden is on the State to prove the guilt of the defendant of one or the other of these charges mentioned as being embraced in this indictment, and the measure of proof, and that applies to all of them, or to either of them, is that each and every member of the jury shall be satisfied beyond a reasonable doubt from the testimony in the case of the defendant's*

*guilt before they would be authorized to return a verdict of guilt in the case."* (Italics ours.)

And also, as follows:

"Another rule is that you may entertain a reasonable doubt from any part of the evidence, but that doesn't mean that you take the State's evidence and decide the case alone on that, or that you take the defendant's evidence and decide it on that, but after a careful consideration of all the evidence, both for the State and for the defendant, if there arises in your mind a reasonable doubt, growing out of any part of it, then the defendant would be entitled to the benefit of such doubt and therefore, to an acquittal.

"* * * Now all of these charges I mentioned here as being in the indictment, have a legal definition, and they are made up of different elements and all of these elements are necessary to complete the offense, because the absence of any one of the elements which I will name as constituting a part of the offense would render the offense incomplete. All must have concurred at the time of this commission of the act charged against the defendant."

Likewise, as follows: "Was the defendant free from fault? Well then, if you say he was free from fault that wouldn't excuse him; he would also have to be in imminent danger, either actual, or apparent, to his life, or limb, before he would be justified in taking human life, or before the doctrine of self-defense would apply. That is for you to determine, gentlemen, under the evidence."

In addition to the above, the court gave to the jury at appellant's request, duly endorsed, written charge 13, which was in the following language, to-wit: "No. 13. If the jury find from the evidence that the conduct of Horace Jackson, alias Bud Jackson, was such as to reasonably lead the defendant to believe that Jackson was about to inflict some great bodily harm on his person, *and the jury further find that defendant was not at fault in bringing on the difficulty,* that the defendant could not have retreated without increasing his danger, and that defendant, acting on such reasonable belief of great bodily harm, fired a pistol at said Jackson and wounded him,

then the jury should acquit the defendant." (Italics ours.)

Appellant duly requested—and the court refused to give—written charge 6, which we here set out, to wit: "No. 6. The Court charges you that if the killing was in the home of defendant, and if the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm, and defendant believe(d) such to be, then he was justified in shooting deceased, although he was not in actual danger; *and if defendant acted under such circumstances, the burden of showing that he was not free from fault in bringing on the difficulty is on the State."* (Italics ours.)

■■ While we have performed as best we could our duty under Code 1923, § 3258, and have given careful study to the excellent brief filed here on behalf of appellant, we are of the opinion that the sole question worthy of discussion is that raised by the refusal of appellant's written requested charge 6 (and written requested charge 7 which involves the same question) which we have quoted. And the question there is only as to whether, under the conditions hypothecated, it was error to refuse said charge as for that it contained the instruction to the jury that "the burden of showing that he (appellant—defendant) was *not free from fault* in bringing on the difficulty *is on the State."* (Italics ours.)

After reading and studying, while sitting en banc, the charges which *were* given to the jury, touching the question under consideration—the essential parts of which, we believe, we have quoted hereinabove—the court has reached the conclusion that the criticisms made by appellant's counsel of the refusal of written charges 6 and 7 are well founded. Said charges *did* state correct propositions of law. Williams v. State, 16 Ala.App. 396, 78 So. 312. And their substance was not otherwise sufficiently given in charge to the jury. For their refusal the judgment must be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Bragg v. State, 236 Ala. 270, 183 So. 682.