[Holmes v. The State.]

# Holmes *v*. The State.

*Indictment for an Assault with Intent to Murder.*

1. *Evidence; to what defendant may testify.*—On a trial under an indictment for an assault with intent to murder, where the defendant testifies that the shooting was accidental and that after it occurred he started to get a certain named person to go for a doctor, it is not competent to ask the defendant as a witness if he told said person about the accident, (referring to the shooting); since in answering such question the defendant would be making evidence for himself out of his own declarations.

2. *Same; same.*—A defendant in a criminal case testifying as a witness for himself, can not be permitted to testify as to his own uncommunicated motives, purpose or intention.

3. *Assault with intent to murder; admissibility of evidence.*—On a trial under an indictment for an assault with intent to murder, where it is shown that the assault was made by shooting the person assaulted with a pistol, it is not competent to ask a witness for the defendant if he knew why the defendant had a pistol at the time of the shooting.

4. *Charges of court to jury; instruction of court in explanation of given charges.*—In a criminal case, after the court has given his general charge to the jury and at the request of the defendant gives several charges relating to reasonable doubt, it is not error for the court, after giving such charges at the request of the defendant, to instruct them that said charges were given in connection with his general charge, "and this all means that you can not convict this defendant until you are satisfied beyond all reasonable doubt of his guilt."

5. *Charges of court to jury; all evidence in the case must be considered.*—In a criminal case, charges requested by the defendant which authorize an acquittal upon considerations which might arise from a part of the evidence only, are erroneous and properly refused.

6. *Same; charge as to duty of individual juror.*—In a criminal case, a charge is erroneous and properly refused which instructs the jury that "If any individual juror after he has consulted with his fellow jurors finds that he differs from his

[Holmes v. The State.]

eleven fellow jurors. and entertains conscientious fixed convictions different from the other eleven jurors, then it would. be the duty of such juror not to give up the unalterable convictions of his own mind."

7. *Assault with intent to murder; charge requested by defendant.* On a trial under an indictment for an assault with intent to murder, where there is evidence other than that of the person assaulted, upon which the jury may found a conviction, a charge is erroneous and properly refused which instructs the jury that if they have a reasonable doubt of the statement of the person assaulted as to how the shooting occurred was true, they must acquit the defendant.

8. *Argumentative charges* are properly refused.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. A. H. ALSTON.

The appellant in this case, Arthur Holmes, was indicted and tried for an assault with intent to murder Annie Love, was convicted of an assault with a pistol, and fined one hundred dollars.

On the trial of the case the State introduced as a witness Annie Love, the person assaulted, and her testimony tended to show that the defendant intentionally and deliberately shot at her with a pistol. The only other witness introduced by the State was the mother of Annie Love, who testified that she was not at the house when Annie Love was shot, having left the house that morning; that when she returned to her home she found Annie Love lying in bed suffering from a pistol shot wound.

The defendant, as a witness in his own behalf, testified that the shooting of Annie Love was accidental, and occurred while she and he were scuffling over a pistol which he had; that after she was shot he tried to lift her up and stated that he would go for a doctor, and started off to the house of Mr. Latham to get him to go for a doctor. The defendant asked the witness the following question: "If he told Mr. Latham about the accident when he saw Mr. Latham?" The State objected to this question, the court sustained the objection, and to this ruling the defendant duly excepted. Thereupon counsel for the defendant asked the defendant the following question: "How did you happen to have a pistol

6c

on that occasion, and what were you going to do with it?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

The defendant introduced as a witness Mr. S. A. Latham, who testified to the general good character of the defendant. During his examination the defendant asked the following question: "Do you know anything about why Arthur Holmes had a pistol at the time of the shooting? The State objected to this question, the court sustained the objection, and the defendant duly excepted.

The court, at the request of the defendant, gave to the jury the following written charges: (1.) "If there is a probability of defendant's innocence, you must acquit him." (2.) "I charge you to acquit unless the evidence excludes every reasonable supposition but that of defendant's guilt." (3.) "If there is a reasonable supposition of defendant's innocence, you must acquit him." (4.) "If any individual juror is not convinced of defendant's guilt beyond all reasonable doubt and to a moral certainty the jury can not convict the defendant."

The instruction of the court in connection with the giving of these charges requested by the defendant is copied in the opinion.

The defendant also requested the court to give to the jury the following charges, and separately excepted to the court's refusal to give each of them as asked: (5.) "If the jury have a reasonable supposition of defendant's innocence, arising out of any part of the evidence, they must acquit." (6.) "If there is a reasonable doubt of defendant's guilt, arising from any part of the evidence, they must acquit." (7.) "If any individual juror after he has consulted his fellow-jurors finds that he differs from his eleven fellow-jurors, and entertains conscientious fixed convictions different from the other eleven jurors, then it would be the duty of such juror not to give up the unalterable conviction of his own mind." (8.) "If the jury believe the evidence in this case, their verdict must be not guilty." (B.) "While the jury in weighing the defendant's evidence may consider the fact that he is the defendant and interested in the result of

the case, yet the jury in considering the evidence of Annie Love may also consider the fact that she is the person who was shot, and this fact may be considered by the jury in determining what weight they will give her testimony." (C.) "If the jury have even a reasonable doubt as to whether the statement of Annie Love as to how the shooting occurred was true, you must acquit the defendant."

S. S. PLEASANTS and R. C. BRICKELL, for appellant, cited *Burton v. State*, 115 Ala. 13; *Bain v. State*, 74 Ala. 38; *Winslow v. State*, 76 Ala. 42; *Smith v. State*, 92 Ala. 301; *Croft v. State*, 95 Ala. 3; Mayfield's Digest, 183, § 36.

MASSEY WILSON, Attorney-General, for the State, One charged with crime can not make evidence for himself by proof of his own declarations.—*Stewart v. State*, 63 Ala. 199; *Billingslea v. State*, 68 Ala. 486; *Martin v. State*, 77 Ala. 1; *Goley v. State*, 17 Ala. 57.

The uncommunicated motives or intentions of defendant can not be allowed to be proved.—*Johnson v. State*, 102 Ala. 1; *Lewis v. State*, 96 Ala. 6; *Brown v. State*, 79 Ala. 51; *Harrison v. State*, 78 Ala. 5; *Whizenant v. State*, 71 Ala. 386.

The court did not err in its rulings upon the charges requested by the defendant.—*Whitaker v. State*, 106 Ala. 30; *Pickens v. State*, 115 Ala. 42; *Yarbrough v. State*, 105 Ala. 43; *Garrett v. State*, 97 Ala. 18.

SHARPE, J.—Defendant was convicted of an assault on Annie Love, a woman, with a pistol. The woman was shot and her testimony tended to show defendant shot her intentionally. Defendant testified the shooting was accidental. He testified that when it occurred he started to Mr. Latham to get him to go for a doctor. He was asked by his counsel if he told Mr. Latham about the accident and an objection to the question was sustained. The ruling was right, being in conformity with the familiar rule which denies to a party the right to make evidence for himself of his own mere declarations. Defendant was asked by his counsel, "How did you hap-

pen to have the pistol on that occasion, and what were you going to do with it?" An objection to this question was sustained and properly so, because the question called for an uncommunicated purpose or intention, the proper proof of which lay in inference from the circumstances in evidence, and not in the direct statement of the witness.—*Brown v. State,* 79 Ala. 51; *Lewis v. State,* 96 Ala. 6; *Johnson v. State,* 102 Ala. 1; *Harrison v. State,* 78 Ala. 5.

Latham as a witness was not allowed to answer defendant's question "Do you know why Arthur Holmes had a pistol at the time of the shooting?" An answer to the question would have involved a conclusion, inadmissible as evidence.

After giving charges 1 to 4, inclusive, the court said to the jury: "I give you these charges in connection with my general charge, and this all means that you cannot convict this defendant until you are satisfied beyond all reasonable doubt of his guilt." We are of the opinion that this did not amount to a qualification of the written charges within the implied prohibition of section 3228 of the Code. What was said apparently had reference to the oral as well as written instructions. It purported to state a general proposition as resulting from the several minor propositions asserted in the oral and written charges, without detracting from or limiting the meaning of the latter.

Refused charges 5 and 6 were each faulty in purporting to authorize an acquittal upon considerations which might have arisen from a part of the evidence only, whereas it was the duty of the jury to consider and to act upon the evidence as a whole.

Charge 7 had an undue tendency to promote adherence by each juror to his individual and possibly erroneous conviction, and thereby to prevent an agreement upon a proper verdict.

There was in the testimony, and even in the testimony other than that given by Annie Love, evidence upon which the jury could have founded a conviction, hence charges 8 and C were properly refused. Charge B is argumentative.

No reversible error appearing in the record, the judgment will be affirmed.