(78 South. 819)

GLASS v. STATE.    (5 Div. 690.)

(Supreme Court of Alabama.    May 9, 1918.)

1. HOMICIDE ⬤➡116(6)—SELF-DEFENSE—JUSTIFICATION.

It was not necessary that defendant should have been actually in danger of death or great bodily harm when he killed deceased, or that retreat would have really increased his peril to have justified the killing, as he might act on the appearances at the time and interpret the conduct of deceased in the light of any threats made by deceased.

2. HOMICIDE ⬤➡116(2)—SELF-DEFENSE—ACTUAL DANGER.

If the circumstances were such as to justify a reasonable man in the honest belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, he had the right to kill in self-defense, although in fact he was not in actual danger, and retreat would not have endangered his safety.

3. HOMICIDE ⬤➡151(3)—SELF-DEFENSE—BURDEN OF PROOF.

The burden of proving that defendant, acting in self-defense, was not free from fault in bringing on the difficulty was on the state.

4. HOMICIDE ⬤➡116(2)—SELF-DEFENSE—IMMINENT PERIL—BELIEF.

If defendant shot deceased under a bona fide belief that he was in impending danger of life or limb, and that he had under the circumstances reasonable cause to believe that he was in imminent danger at the time of the killing, it would be immaterial whether there was such danger or not.

5. HOMICIDE ⬤➡231—MALICE—CONVICTION.

If there is a reasonable doubt as to whether the killing was done with malice, defendant could not be convicted of murder.

6. HOMICIDE ⬤➡341—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

Under Acts 1915, p. 815, providing that the refusal of a charge, though a correct statement of law, shall not be cause for refusal on appeal if it appears that the same rule of law was substantially and fairly given in the general charge or in requested charges, the erroneous refusal of a correct charge upon the elements of defense and the shifting of burden to the state, when such elements were established, to show

that defendant was not free from fault of bringing on the difficulty, was reversible error, where the rule was not substantially and fairly given in the oral charge of the court or in any charge for defendant.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Perry Glass was convicted of murder in the first degree, and he appeals. Reversed and remanded.

The following are the charges referred to in the opinion:

(2) It is not necessary under the evidence in this case that defendant should have been actually in danger of death or great bodily harm at the time he killed Campbell, or that retreat would have really increased his peril in order for him to have been justfied in shooting Campbell. He had the right to act on the appearance of things at the time, taken in the light of all the evidence, and he had the right to interpret the conduct of Campbell in the light of any threat or threats that the evidence proves Campbell to have made against defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had the right to shoot Campbell in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety; and, if the jury believe that the defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty was on the state, and, if not shown, the jury should acquit defendant.

(4) If defendant shot Campbell under a bona fide belief that he was in impending danger of life or limb, and that he had, under all the circumstances, reasonable cause to believe that he was in imminent danger at the time the shooting was done, it would be immaterial whether there was such danger or not.

(9) If there is a reasonable doubt as to whether the killing was done with malice, defendant cannot be convicted of murder at all.

Longshore, Koenig & Longshore and J. B. Adkinson, all of Columbiana, for appellant. F. Loyd Tate, Atty. Gen., for the State.

GARDNER, J. Appellant was convicted of murder in the first degree, and his punishment fixed at life imprisonment. The defendant's evidence tended to establish his theory of self-defense.

The errors insisted upon by counsel for appellant upon this appeal relate to the refusal of the court to give certain charges requested in writing by the defendant.

[1-5] Refused charge 2 relates to the elements of self-defense, and has found approval in the decisions of this court. Bluett v. State, 151 Ala. 41, 44 South. 84, wherein refused charge 2 was declared to be correct. Likewise refused charge 4 was approved in Kennedy v. State, 140 Ala. 1, 37 South. 90. Refused charge 9 has also been held correct. Andrews v. State, 159 Ala. 14, 48 South. 858 (thirteenth headnote).

[6] The refusal of these charges was there-

fore error, and it but remains to ascertain if their refusal was such error as to call for a reversal of the cause under the rule now prevailing in this state that the refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge, or in charges given at the request of the parties. Acts 1915, p. 815.

There were but few charges given at defendant's request and these have been carefully reviewed by the court in consultation, in connection with the oral charge of the court set out in the record.

The conclusion has been reached that, while probably the above-stated rule would save the cause from reversal as to refused charges 4 and 9, yet such cannot be said as to refused charge 2, which dealt with the elements of self-defense and the shifting of the burden of proof upon the state, upon these certain elements of self-defense being established, to show the defendant was not free from fault in bringing on the difficulty. This charge was practically a .duplicate of refused charge 26, declared correct in Bluett v. State, supra, and the rule of law therein stated, we conclude, was not substantially and fairly given in the oral charge of the court, or in any charge given for defendant.

It results that the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.