**Ex parte STATE ex rel. ATTY. GEN.**
(5 Div. 826.)

(Supreme Court of Alabama. April 20, 1922.)

**Homicide ⬤⇒300(13)—Refusal of instruction on self-defense held erroneous.**

In a murder trial, the court improperly refused to instruct that it was not necessary that defendant, who pleaded self-defense, should have been in danger of death or great bodily harm, or that retreat would have increased his peril, in order to justify the killing, but that he had a right to act on the appearance of things at the time, and to interpret deceased's conduct in the light of any threat made by him; that if the circumstances justified a reasonable man in believing, and defendant honestly believed, he was in danger of great bodily harm or death and could not retreat without adding to his peril, he had a right to strike in his own defense, though he was not actually in danger, and retreat would not have endangered his safety; and that the burden of showing he was not free from fault in bringing on the difficulty was on the state.

Certiorari to Court of Appeals.

Petition by the State of Alabama, on the relation of its Attorney General, for certiorari to the Court of Appeals to review a judgment reversing a judgment convicting Robert Teel of manslaughter. Writ denied.

Charge A, held to have been improperly refused to the defendant, is as follows:

"It is not necessary under the evidence in this case that the defendant, Robert Teel, should have been in actual danger of death or great bodily harm at the time he killed Jones, or that retreat would have really increased his peril, in order for him to be justified in killing Jones. He had a right to act on the appearance of things at the time, taken in the light of all the evidence, and he had a right to interpret the conduct of Jones, in the light of any threat that the evidence proved Jones to have made against the defendant, Teel. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had a right to strike in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety, and if the jury believe from the evidence that the defendant, Robert Teel, acted under certain conditions and circumstances as above set forth, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and, if not shown, the jury should acquit the defendant."

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for appellant.

The court erred in holding charge A free from fault, as it makes no reference to freedom from fault in bringing on the difficulty. 89 Ala. 82, 8 South. 134; 59 Fla. 360, 52 South. 374; (Ala.) 82 South. 628; 17 Ala. App. 155, 82 South. 645; 161 Ala. 37, 49 South. 876; 69 South. 604; 135 Ala. 13, 33 South. 672; 160 Ala. 66, 49 South. 336; 156 Ala. 44, 47 South. 302; 100 Ala. 80, 14 South. 864.

Hill, Hill, Whiting & Thomas, of Montgomery, and Reynolds & Reynolds and T. A. Curry, all of Clanton, for appellee.

In addition to the cases cited by the Court of Appeals, we call attention to the following cases as supporting their decision: 191 Ala. 21, 68 South. 57; 201 Ala. 441, 78 South. 819; 188 Ala. 71, 66 South. 81.

GARDNER, J. Petition for review of the decision of the Court of Appeals in Robert

Teel v. State, 92 South. 518,[1] reversing the judgment of conviction for refusal by the trial court of the charge therein designated "A." To the authorities cited by the Court of Appeals in support of said charge may be added the following more recent decisions of this court: Richardson v. State, 191 Ala. 21, 68 South. 57; Glass v. State, 201 Ala. 441, 78 South. 819; O'Rear v. State, 188 Ala. 71, 66 South. 81.

Writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.