(93 South. 287)

### THOMAS v. STATE. (2 Div. 254.)

(Court of Appeals of Alabama. May 9, 1922.)

1. **Homicide ⚍118(2) — Mistaken belief, induced by sufficient circumstances as to existence of danger and inability to retreat, justifies killing.**

If the circumstances are such as would justify a reasonable man in the belief that he is in danger of great bodily harm or death, and that he cannot retreat without adding to his peril, and defendant believes such to be the case, he is justified in shooting deceased, though not in actual danger, and though retreat would not add to his peril.

2. **Homicide ⚍151(3)—If defendant believed he was in danger and could not retreat, burden on state to show fault in bringing on difficulty.**

If the circumstances attending a homicide justified a reasonable man in believing that he was in danger of great bodily harm or death, and could not retreat without adding to his peril, and defendant believed such to be the case, the burden was on the state to show that defendant was not free from fault in bringing on the difficulty.

3. **Homicide ⚍300(1)—Refusal to charge that killing was justified if defendant mistakenly believed he was in danger and could not retreat held error.**

The refusal to charge that if the circumstances attending a killing would justify a reasonable man in believing he was in danger of great bodily harm or death, and could not retreat without adding to his peril, and defendant did so believe, he was justified in shooting, though not in actual danger, and though retreat would not have added to his peril, and that in such case the burden was on the state to show defendant was not free from fault in bringing on the difficulty, was erroneous, where it was not fairly and substantially covered.

Appeal from Circuit Court, Marengo County; Leon McCord, Judge.

Ben Thomas was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

I. I. Canterbury, of Linden, for appellant.

Court erred in refusing the charge requested. 8 Ala. App. 56, 62 South. 895; 16 Ala. App. 396, 78 South. 312; 136 Ala. 52, 34 South. 23; 151 Ala. 41, 44 South. 84.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The defendant was convicted of manslaughter in the first degree, and appeals.

There appears but one insistence of error. This seems to be well taken, and as a result thereof the judgment of conviction must be reversed, and the cause remanded.

[1-3] The error above referred to consists of the refusal of the following charge:

"I charge you, gentlemen, that if the circumstances attending the killing of deceased were such as would justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not retreat without adding to his peril, and defendant believed such to be the case, he was justified in shooting deceased, although he was not in actual danger, and retreat would not have added to his peril; and, if defendant acted under such circumstances, the burden of showing that defendant was not free from fault in bringing on the difficulty is on the state."

This charge was not fairly or substantially covered by the oral charge or by the given charges; therefore its refusal cannot be justified for that reason.

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It has been many times held that this identical charge states a correct proposition of law; and, unless covered fairly and substantially either by the oral charge of the court or by given special written charges, its refusal is error. Many cases could be cited on this direct question, but the following suffice here: Williams v. State, 16 Ala. App. 396, 78 South. 312; Gibson v. State, 8 Ala. App. 56, 62 South. 895; Bluett v. State, 151 Ala. 41, 44 South. 84; Bluitt's Case, 161 Ala. 14, 49 South. 854; Holmes v. State, 100 Ala. 80, 14 South. 864; Deal v. State, 136 Ala. 52, 34 South. 23; Tyus v. State, 10 Ala. App. 10, 64 South. 516; O'Rear v. State, 188 Ala. 71, 66 South. 81; Minor v. State, 16 Ala. App. 401, 78 South. 317; Richardson v. State, 191 Ala. 21, 68 South. 57; Glass v. State, 201 Ala. 441, 78 South. 819; Ex parte State ex rel. Atty. Gen., 207 Ala. 349; 92 South. 606.

Reversed and remanded.