(111 So. 34)

**BURKETT v. STATE. (6 Div. 821.)**

(Supreme Court of Alabama. Jan. 13, 1927.)

**1. Criminal law ⬅⟶730(1)—Effect of argument held cured, where objection was sustained, and argument excluded.**

Where court sustained objection to state's argument, and excluded it from jury, *held*, that effect of such argument was cured.

**2. Criminal law ⬅⟶805(1)—Refusing elliptical charges is not error.**

Court does not err in refusing elliptical charges.

**3. Criminal law ⬅⟶829(1)—Refusing instructions covered by oral charge and special instructions of defendant is not error.**

Court does not err in refusing instructions, where statements of law therein are better covered by oral charge and special instructions given at defendant's request.

**4. Homicide ⬅⟶300(15)—In murder case, refusing instructions on self-defense, ignoring doctrine of retreat, is not error.**

Court does not err in murder case, in refusing charges on self-defense, ignoring doctrine of retreat.

**5. Criminal law ⬅⟶814(17)—Refusing instruction that jury could not convict on suspicious facts merely held not error, where killing was admitted.**

Court did not err in murder case, where killing was admitted, in refusing to instruct that proof of suspicious facts did not require accused to rebut it, and that jury could not convict on suspicious facts merely.

**6. Criminal law ⬅⟶829(18)—Refusing charges on reasonable doubt, fully covered by oral charge and special instructions, is not error.**

Court does not err in refusing charges on reasonable doubt, fully covered by the oral charge and special instructions.

**7. Criminal law ⬅⟶789(18)—Refusing to instruct that one single fact inconsistent with guilt would raise reasonable doubt is not error.**

Court does not err in refusing to charge that one single fact, proved to the satisfaction of the jury inconsistent with defendant's guilt, is sufficient to raise a reasonable doubt.

**8. Criminal law ⬅⟶798(1)—Refusing to instruct that there can be no conviction if a single juror has reasonable doubt of guilt is not error, since instruction is misleading.**

Court does not err in refusing to instruct that there can be no conviction if a single juror has reasonable doubt of guilt, since charge seems to mean more than that reasonable doubt of one juror precludes conviction.

**9. Criminal law ⬅⟶561(1)—Reasonable doubt by one juror precludes conviction.**

Conviction cannot be had as long as reasonable doubt persists in mind of one juror.

**10. Criminal law ⬅⟶815(9)—Refusal of instruction that there can be no conviction if single juror has reasonable doubt of guilt is not error, since it pretermits consideration of evidence.**

Court does not err in refusing instruction that there can be no conviction if a single juror has reasonable doubt of guilt, since instruction pretermits consideration of evidence.

**11. Criminal law ⬅⟶753(2)—Failure to prove venue does not make refusal of general charge error, where failure is not called to court's attention [circuit court rule 35].**

Refusal of general charge is not error because of failure to prove venue, where failure is not called to court's attention under circuit court rule 35.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Albert Burkett was convicted of murder in the first degree, and he appeals. Affirmed.

These charges were refused to defendant:

"(26) The proof of suspicious facts against the accused does not even require him to rebut it, and the jury cannot convict him upon suspicious facts merely."

"(34) I charge you, gentlemen of the jury, that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with defendant's guilt, it is sufficient to raise a reasonable doubt, and you should acquit the defendant."

"(35) If a single juror has a reasonabe doubt of the guilt of the defendant, there can be no conviction."

Charles R. Wiggins and T. L. Sowell, both of Jasper, for appellant.

Defendant should have had the affirmative charge. Code 1923, § 4535; Toole v. State, 89 Ala. 131, 8 So. 95. It is error to admit hearsay evidence going to a material point in the case. Owen v. Ala. Gt. Sou., 181 Ala. 552, 61 So. 924; Mutual Life Ins. Co. v. Witte, 190 Ala. 327, 67 So. 263; Hooper v. Dorsey, 5 Ala. App. 463, 58 So. 951. Counsel argue other questions raised and treated, but without citing additional authorities.

━━━━━━━━━━━━━━

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAYRE, J. Counsel representing defendant have assigned for error two rulings on questions of evidence. It is not considered that they need special treatment. In our opinion there is no reversible error shown by either ruling.

[1] As for the exception reserved on the solicitor's argument to the jury, the court did all that was necessary to correct the argument and place the jury in a position to consider the case properly—if, indeed, correction was necessary—when defendant's objection was sustained and the statement excluded from the jury.

[2, 3] Charges 3 and 8 were elliptical. Moreover, the statements therein of law which, we may assume, defendant sought to get before the jury were, in better form, covered by the court's oral charge, and by special instructions given on defendant's request.

[4] Charges 10 and 30, requested by defendant, dealt with the subject of self-defense. These charges ignored the doctrine of retreat. Similar charges giving proper place and effect to the doctrine of retreat as an element of self-defense were given by the court.

[5] Defendant's charge 26 was refused without error. We assume that by "suspicious facts" the charge intends questionable circumstances, i. e., facts that might or might not tend to inculpate defendant according to the point of view. But the state's case was far from depending on proof of such circumstances. There was, indeed, abundant and undisputed evidence that defendant had shot and killed deceased, and he admitted the killing. His defense was that deceased had first fired upon him, and that he had acted in self-defense, or, at worst, that he was guilty of manslaughter only. In this posture of the case it is not perceived that the charge in question could have served a proper purpose. Rather it tended to mislead the jury to think that some of the facts in evidence, as, for example, that defendant went to the place of the homicide heavily armed, was a mere suspicious circumstance, and needed no consideration by the jury. This charge was therefore refused without error. Mitchell v. State, 129 Ala. 38, 30 So. 348.

[6] Charges 28, 29, 32, 33, and 36 were charges on the subject of reasonable doubt as to which the court had fully instructed the jury by its oral charge and by special instructions. There was no error as to these charges.

[7] Defendant's charge 34 was properly refused. Time was when this charge had approval, but, latterly, the court has been of the opinion that this and similar charges might be refused without error. Ex parte Davis, 184 Ala. 26, 63 So. 1010.

[8, 9] So of charge 35. A verdict of conviction cannot be reached as long as a reasonable doubt persists in the mind of a single juror. But the charge seems to mean more than that, and error will not be affirmed of its refusal.

[10] The reasons for the ruling against this assignment of error are satisfactorily stated in Ware v. State, 108 So. 645,[1] and in Ex parte State ex rel. Attorney General, 213 Ala. 390, 104 So. 773. Furthermore, it pretermits consideration of the evidence. Davis v. State, 188 Ala. 69, 66 So. 67.

[11] It is insisted that the general charge should have been given for the reason that there was no proof of venue. If it be conceded that there was no such proof, still that reason for asking the charge was not drawn to the attention of the court, and error cannot be predicated of the refusal on that ground. Circuit court rule 35; Watts v. State, 204 Ala. 372, 86 So. 70; Ratliff v. State, 212 Ala. 410, 102 So. 621.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

[1] 21 Ala. App. 407.