## CENTENNIAL ICE CO. v. MITCHELL.
### (6 Div. 688.)

Supreme Court of Alabama.    March 24, 1927.

Rehearing Denied April 21, 1927.

1. **Appeal and error** ⬤⇒966(2)—**Trial court's refusal of continuance to procure witness in personal injury case will not be reviewed, in absence of abuse of discretion.**

Action of trial court in refusing continuance to obtain witness in personal injury suit is discretionary, and will not be reviewed, in absence of abuse of discretion.

2. **Municipal corporations** ⬤⇒706(6)—**Influence of defective truck brakes in causing injuries to passenger in another truck at street intersection held for jury.**

Influence of defective brakes on truck in causing injuries resulting to passenger in another truck from collision at street intersection *held* for jury, and instruction that question of defective brakes was not an issue in the case was properly refused.

3. **Municipal corporations** ⬤⇒706(6) — **Negligence of truck driver in turning to avoid collision which he might have avoided by continuing course held for jury.**

Question of truck driver's negligence *held* for jury, under evidence that brakes were defective, and that driver turned to left in attempt to avoid collision, but would have cleared the other truck at street intersection, had he continued in his course.

4. **Negligence** ⬤⇒119(6)—**Contributory negligence must be specifically pleaded, and no other acts can be proven.**

Acts of contributory negligence must be pleaded with particularity, and no other acts than those pleaded can be proven or made predicate for a verdict for defendant.

5. **Trial** ⬤⇒251(8)—**Truck owner's instructions involving contributory negligence, not properly pleaded, held properly refused, in suit for injuries from collision.**

In truck passenger's suit for injuries from collision with defendant's truck at intersection, defendant's charges were properly refused, where they would justify verdict against plaintiff for contributory negligence not pleaded at all, or pleaded only with averment, which was question for jury, that plaintiff's acts were not those of reasonably prudent person.

6. **Trial** ⬤⇒194(16)—**In suit for injuries from collision, instruction that failure to act on seeing truck approaching was negligence held to invade province of jury.**

In truck passenger's suit against owner of another truck colliding therewith at street in-

tersection, instruction that, if plaintiff did nothing after entering intersection toward observing approach of another truck, she would be guilty of negligence, which, if proximate cause of accident, would prevent recovery, *held* properly refused, as invading province of jury.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages for personal injuries by George W. Mitchell against the Centennial Ice Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The refused charge, made the basis of the eleventh ground of the motion for new trial, is as follows:

"I charge you, gentlemen of the jury, the question of whether or not defendant's truck had defective brakes is not an issue in this case, and, if you believe from all the evidence that defendant's driver operated defendant's truck in a reasonably careful and skillful manner, and was not guilty of negligence in his operation at the time and place of the accident, then the plaintiff cannot recover."

R. J. McClure, of Birmingham, for appellant.

Defendant was due to have its charges as to plaintiff's contributory negligence given to the jury. McGeever v. O'Byrne, 203 Ala. 266, 82 So. 510; Central of Georgia v. Jones, 195 Ala. 378, 70 So. 729; Birmingham Southern v. Harrison, 203 Ala. 284, 82 So. 536; Corn v. K. C., etc., R. Co. (Mo. Sup.) 228 S. W. 78. Where the verdict is greatly in excess of the damages proven, the verdict should be set aside. Birmingham Elec. Co. v. Ward, 124 Ala. 409, 27 So. 471; L. & N. v. Byrd, 198 Ala. 271, 73 So. 514. The appellate court will revise the exercise of discretion in the matter of granting a continuance, when it appears such discretion has been abused. 38 Cyc. 1361; Yolande C. & C. Co. v. Norwood, 4 Ala. App. 390, 58 So. 120; Steffanos v. State, 80 Fla. 309, 86 So. 205; Asserson v. City of N. Y., 195 App. Div. 12, 185 N. Y. S. 774.

William A. Jacobs, of Birmingham, for appellee.

Counsel discusses the questions raised and treated, but without citing authorities.

BROWN, J. This appeal is from a judgment of the circuit court, on a verdict of the jury awarding the plaintiff damages for personal injuries, alleged to have been inflicted upon him as the proximate consequence of negligence on the part of the defendant's servant, while acting within the line and scope of his employment, as the driver of defendant's truck. The case was submitted to the jury on the first count of the complaint, and the defendant's plea of not guilty, and pleas of contributory negligence.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

After the verdict for the plaintiff, the defendant made a motion for a new trial, grounding the motion on the refusal of the court to further delay the trial until the defendant could produce Dr. Nolan as a witness, the refusal by the court of special written charges requested by the defendant, and that the damages awarded were excessive, and the assignments of error are all based on the action of the court in overruling the motion for a new trial.

[1] It was within the discretion of the trial court to postpone or delay the trial temporarily, in order that counsel might have an opportunity to produce the witness Dr. Nolan, or refuse to do so, and this action of the court is not revisable on appeal, except for gross abuse, and in the circumstances disclosed by the record we cannot say that the discretion of the court was not properly exercised. Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619; Trammell v. Hudmon, 86 Ala. 472, 6 So. 4.

[2, 3] At the time of the injury the plaintiff was riding in a Ford truck, as the guest of the owner, who was driving it south on the right side of Twenty-Fifth street, in the city of Birmingham, while the defendant's truck was proceeding west on the right side of Third avenue, crossing Twenty-Fifth street. The evidence is without dispute that the Ford, on entering the intersection of the street, kept to the right and the defendant's truck swerved to the left and collided with the Ford truck near the southwest corner of the intersection. There was evidence showing—in fact, it was undisputed, that the brakes on the defendant's truck were very defective, and that this fact was known to the driver. There was evidence tending to show that, when the driver of the defendant's truck discovered that a collision was probable, in attempting to avoid the collision, he veered toward the left side of the avenue and came in collision with the other truck, while, if he had kept his course across the street on the right side of the avenue, his truck would have cleared in the rear of the Ford, avoiding the collision. In the light of this evidence, it was for the jury to determine what, if any, influence the defective brake had, and whether the defendant's driver was guilty of negligence proximately causing the plaintiff's injuries, and the refusal of the written charge, made the basis of the eleventh ground of the defendant's motion for a new trial, was free from error.

[4] Contributory negligence is a special and affirmative defense, and to be pleaded at all must be pleaded with particularity, and no other acts of negligence than those specially pleaded can be proven on the trial, and, if proven, they cannot be made a predicate for a verdict for the defendant. Southern R. Co. v. Shelton, Adm'r, 136 Ala. 191, 34 So. 194.

215 ALA.—44

The acts of negligence ascribed to the plaintiff as proximately contributing to his injury in the defendant's pleas 2, 3, and 4 are not all hypothesized in the several written charges requested by and refused to the defendant on the subject of contributory negligence, and, as related to these pleas, were properly refused.

[5, 6] The defendant's plea 2–A avers, inter alia:

"That plaintiff should not recover, for that he himself was guilty of negligence which proximately contributed to his injuries and damages, in this, that plaintiff was riding in the seat with and on the right-hand side of the driver of Ford truck which was proceeding south along Twenty-Fifth street, Birmingham, Ala., on, to wit, the date alleged in said count, and as said Ford truck entered the intersection of Third avenue, plaintiff saw a large ice truck approaching westward along Third avenue and toward the said Ford truck, and to the right of the center of Third avenue at, to wit, 10 miles per hour, and that said ice truck of the defendant had already entered the intersection of Twenty-Fifth street as the Ford truck was entering said intersection, and a collision between said trucks was eminent, yet plaintiff *negligently failed to advise the driver of the Ford truck, sitting at his right side, of the immediate approach of said ice truck coming from the left* and east toward said Ford truck *in sufficient time for the driver of the Ford truck to avoid a collision with said ice truck.*"

Plea 2–B adopts the averments of plea 2–A down to and including the words, *"Plaintiff negligently failed to advise the driver of said Ford truck,"* and adds:

*"Plaintiff negligently failed to direct the driver of said Ford truck to swerve from his course or stop in sufficient time to avoid the collision between said ice truck and said Ford truck."*

By the special written charge refused by the court, set out in the twelfth ground of his motion for a new trial, defendant sought to have the jury instructed:

That, if *"Plaintiff did nothing after entering the intersection toward observing the further approach of said ice truck, then the plaintiff was guilty of negligence, and, if you believe such negligence was the proximate cause of the collision, the plaintiff cannot recover."*

Defendant's refused charge embraced in the thirteenth ground of the motion for a new trial would have instructed the jury, on the hypothesis stated in the charge, but different from those stated in any one of the several pleas:

That, if the plaintiff *"did nothing toward observing the further approach of the ice truck and did nothing to remove himself from a place of peril to a place of safety; if you believe he was in a place of peril, and that by the observance of the approach of the ice truck plaintiff had sufficient time and opportunity to remove himself from the said Ford truck before the collision, then plaintiff cannot recover."*

These charges were properly refused because they would have justified a verdict against plaintiff because of contributory negligence not pleaded in defendant's pleas 2–A, and 2–B, and, if pleaded in any of the other special pleas, was pleaded in conjunction with the averment that plaintiff's acts were not that of a reasonably prudent person, and therefore invasive of the province of the jury.

The first-mentioned charge asserted as a matter of law that the plaintiff on the facts hypothesized was guilty of negligence, while, under the evidence and the averments of the pleas, this was an inference to be drawn by the jury. Birmingham R. Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Pace v. Louisville & N. R. Co., 166 Ala. 519, 52 So. 52.

The special charge refused to the defendant and made the basis of the fourteenth ground of the motion for a new trial assumes that the facts hypothesized in the charge constituted negligence on the part of the plaintiff proximately contributing to his injury, and was invasive of the province of the jury. These were questions for the jury under the evidence and the averments of the defendant's plea 2–B. Birmingham R. Light & Power Co. v. Gonzalez, supra.

Under the pleadings the plaintiff's recovery was not limited to his financial loss resulting from and occasioned by the injury, but included physical injury to his person. Physical pain and mental anguish were elements to be considered by the jury, and, under the tendencies of some of the evidence, we cannot say that the court erred in holding that the damages awarded were not excessive.

We find no reversible errors in the record. Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.