(112 So. 124)

## D. S. PATE LUMBER CO. v. DAVIS et al.
### (6 Div. 721.)

(Supreme Court of Alabama.   March 24, 1927.)

**1. Trial** ⚖⟿253(10)—**Instructions requiring verdict for plaintiff for amount advanced over selling price if lumber was handled on commission basis held properly refused as ignoring evidence.**

In suit for amount advanced to defendants over amount lumber sold brought, instruction requiring verdict for plaintiff if evidence showed .that lumber was handled on commission basis *held* properly refused as ignoring evidence, where defendant's evidence showed that plaintiff advanced $15 per thousand, and guaranteed defendants a price of not less than $17 per thousand for lumber sold.

**2. Continuance** ⚖⟿22—**Refusing continuance, where it was not shown what witness' testimony would be, if present, held not abuse of discretion.**

Where plaintiffs asked for continuance until following day in order to procure witness for rebuttal, but there was no showing as to what witness' testimony would be, if present, refusal of continuance could not be *held* an obvious and palpable abuse of discretion.

**3. New trial** ⚖⟿97—**Where evidence takes party by surprise, he should move for new trial as well as for continuance to procure witness.**

Where party is surprised by opposing party's evidence, proper practice would be to move for new trial on ground of surprise, with proof that proposed witness' testimony would substantially contradict opposing party's testimony, as well as to move for continuance.

Appeal from Circuit Court, Lamar County; Ernest Lacy, Judge.

Action by the D. S. Pate Lumber Company against S. K. Davis and W. F. McGee. From a judgment for defendants, plaintiff appeals. Transferred from the Court of Appeals, under Code 1923, § 7326.   Affirmed.

The action is on the common counts for money due by account, for money loaned, for money paid for defendants, and for money received by defendants to plaintiff's use.   A special count alleges that plaintiff handled lumber on commission for defendants, and sold the lumber, and advanced to defendants $159.28 more than the lumber brought, wherefore defendants owe plaintiff that amount.

A sworn itemized account was attached to the complaint showing overpayments on two specified cars of lumber.   Defendants pleaded the general issue, payment, and set-off.

The pleas of set-off claim $445 due from plaintiff to defendants for lumber received by plaintiff from defendants, and $440 due to defendants by account, with claim for judgment for the excess.

Plaintiff's contention was that the two cars of lumber in question were handled by plaintiff as agent or broker on a 10 per cent. commission basis, defendants guaranteeing the grade and weight; and that, when the freight charges to the point of sale, and the compulsory rebate to the purchaser, and commissions were deducted from the selling price, there remained less than the amount advanced on the cars, respectively, by the amounts claimed in the complaint.

Defendants' contention was that they sold the cars of lumber to plaintiff outright, and that plaintiff guaranteed a price of not less than $17 per thousand, and agreed to pay $15 per thousand on receipt of the bills of lading and the balance in 60 days.

There was testimony tending to support each of these contentions.

Plaintiff's testimony was that the transaction was had between its agent, Hudson, and the defendants.

Defendants' testimony was that the transaction, under which they claim, was with one Holsapple, plaintiff's agent in charge; and that Hudson had merely gone out to look the lumber over, and no trade was made with him other than his statement that plaintiff would take the lumber.

When defendant's witnesses had thus testified—Holsapple not being present nor subpœnaed, but being in Memphis, Tenn.—plaintiff's counsel stated to the court that the testimony claiming a transaction with Holsapple took plaintiff wholly by surprise, that they never heard of this account being questioned until they brought the suit; and moved for a continuance of the trial, or a postponement until next day so as to give time to get Mr. Holsapple there as a witness in rebuttal. Evidence was then offered, but the motion was overruled.

At plaintiff's request the jury were instructed that, if the evidence failed to reasonably satisfy them that defendants sold the lumber to plaintiff, they could not find for defendants on their plea of set-off.

The following charges, duly requested by plaintiff, were refused:

"(3) I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the D. S. Pate Lumber Company handled this lumber on a commission basis, and did not themselves buy said lumber, then you should return a verdict for the plaintiff.

"(4) I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that D. S. Pate Lumber Company only agreed to handle the lumber involved in this suit on a commission basis, then you cannot find a verdict for the defendants."

The jury found for defendants on their plea of set-off, and there was judgment accordingly for $150.

J. C. Milner, of Vernon, for appellant.

Counsel argues for error in the rulings assigned, but without citing authorities.

---

⚖⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. G. Redden, of Vernon, for appellees.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] If, as testified by defendants, plaintiff advanced to defendants $15 per thousand, and guaranteed to them a price of not less than $17 per thousand for the two carloads of lumber, though plaintiff was handling it on a commission basis, and not as a purchaser, it is obvious that a balance was due to defendants of $2 per thousand on the aggregate of nearly 40,000 feet. Hence the requested instructions numbered 3 and 4 were properly refused, as ignoring that phase of the evidence.

[2, 3] In support of its motion for a continuance or postponement of the trial in order to secure the presence of Holsapple as a witness, in contradiction of defendants' testimony that the transaction as to the lumber was with him, there was no showing made as to what Holsapple's testimony would be, if present. Hence it cannot be affirmed that the overruling of the motion was prejudicial error, nor that it was an obvious and palpable abuse of the trial court's discretion. Knowles v. Blue, 209 Ala. 27, 32, 95 So. 481. In such a case, the proper practice would be to also move for a new trial on the ground of surprise, with proof that Holsapple's testimony would, in fact, substantially contradict defendants' testimony as to their alleged transacion with him. Hoskins v. Hight, 95 Ala. 284, 11 So. 253.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.