(116 So. 800)

## HUDSON v. STATE. (6 Div. 52.)

Supreme Court of Alabama. Jan. 26, 1928.

Rehearing Denied with Modification May 10, 1928.

**1. Criminal law ⚖➙586—Motion for continuance is addressed to trial court's sound discretion.**

Motion for a continuance is addressed to the sound discretion of the trial court.

**2. Criminal law ⚖➙1151—Trial court's exercise of discretion as to continuance is reviewable only for gross abuse.**

Exercise of trial court's discretion on motion for continuance is not subject to review except for gross abuse.

**3. Criminal law ⚖➙1118—Denial of continuance cannot be held prejudicial, in absence of showing of what absent witnesses' testimony would be.**

In absence of showing as to what testimony of absent witnesses would be, overruling of motion for continuance cannot be held prejudicial.

**4. Criminal law ⚖➙1118—Denial of continuance cannot be held palpable abuse of discretion, in absence of showing what absent witnesses' testimony would be.**

In absence of showing as to what testimony of absent witnesses would be, overruling of motion for continuance cannot be held an obvious and palpable abuse of trial court's discretion.

**5. Criminal law ⚖➙789(4)—Charge to acquit if evidence "generated" well founded doubt of guilt held properly refused as speaking in past tense.**

Charge to acquit, if evidence or any part thereof after consideration of whole, "generated" well founded doubt of defendant's guilt, *held* properly refused as speaking in past tense, not in correct and appropriate terms of law.

**6. Criminal law ⚖➙823(15)—Charge to acquit if evidence "generated" well founded doubt of guilt held not reversible error, even if free from formal defects, where court fully and accurately instructed jury on reasonable doubt.**

Refusal of charge to acquit, if evidence "generated" well founded doubt of defendant's guilt, *held* not reversible error, even if free from defects of form, where court instructed jury fully and accurately on law of reasonable doubt.

**7. Homicide ⚖➙300(13)—Charge that defendant was justified in shooting deceased if circumstances would justify reasonable man in believing he was in danger and could not retreat without adding thereto, and that burden of showing that defendant was not free from fault in bringing on difficulty was on state, held properly refused.**

In murder trial, charge that defendant was justified in shooting deceased, though he was not in actual danger and retreat would not have added to his peril, if he believed, and circumstances would justify reasonable man in belief, that he was in such danger and could not retreat without adding thereto, and that burden

of showing that he was not free from fault in bringing on difficulty was on state, *held* properly refused as not giving effect to proof of latter fact or predicating right to acquittal on state's failure to meet such burden.

**8. Criminal law ⚖➙763, 764(24)—Charge that single fact inconsistent with guilt is sufficient to raise reasonable doubt held properly refused as invading jury's province and misleading.**

Charge that proof of single fact inconsistent with defendant's guilt is sufficient to raise reasonable doubt thereof and require acquittal *held* properly refused as invading the jury's province and misleading.

**9. Criminal law ⚖➙763, 764(24)—Homicide ⚖➙300(15)—Charge, that such uncertainty that jury cannot say beyond reasonable doubt whether defendant acted on reasonable belief that it was necessary to shoot to save himself or accidentally shot deceased entitles him to acquittal, held properly refused as argumentative, ignoring duty to retreat, and invading jury's province.**

Charge, in murder trial, that if jury's minds are left in such doubt or uncertainty, after looking at all evidence, that they cannot say beyond reasonable doubt whether defendant acted on well-founded and reasonable belief that it was necessary to shoot at deceased's mother to save himself from great bodily harm or death, or that he shot before impending necessity arose and accidentally shot deceased, there is such a doubt as entitles defendant to acquittal, *held* properly refused as argumentative, ignoring defendant's duty to retreat, if he could without increasing his peril, and invading jury's province.

**10. Criminal law ⚖➙798(1)—Charge to acquit unless each juror believed defendant guilty beyond reasonable doubt held properly refused.**

Charge to acquit unless each individual juror believed from the evidence that defendant was guilty beyond a reasonable doubt *held* properly refused.

**11. Criminal law ⚖➙364(6)—Conversation with defendant 30 minutes after leaving scene of killing held not res gestæ.**

In murder trial, conversation between defendant and others about 30 minutes after he left scene of killing *held* inadmissible as so removed in time and place from difficulty as not to be part of res gestæ.

**12. Criminal law ⚖➙361(3)—Conversation with defendant after difficulty held inadmissible to explain why he fled as testified on his examination in chief.**

Where fact that defendant left scene of difficulty immediately after killing was brought out on his examination in chief, conversation between him and others about 30 minutes afterward was not admissible to explain why he fled.

**13. Criminal law ⚖➙361(3)—Flight may be explained by defendant only when offered by state to show guilt.**

It is only when the state offers evidence of flight as a circumstance tending to show guilt that it may be explained by defendant.

Anderson, C. J., dissenting.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Will Hudson was convicted of murder in the first degree, and he appeals. Affirmed.

The following charges were refused to defendant:

"(1) If, after considering all the evidence in this case, the jury find that there is one single fact proved to their satisfaction which is inconsistent with' defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and the jury must acquit.

"(2) Gentlemen of the jury, if the evidence or any part thereof, after a consideration of the whole of such evidence, generated a well-founded doubt of defendant's guilt, the jury must acquit him.

"(3) The court charges the jury that if the circumstances attending the killing of deceased were such as would justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not retreat without adding to his peril, and defendant believed such to (be) the case, he was justified in shooting deceased, although he was not in actual danger and retreat would not have added to his peril, and, if defendant acted under such circumstances, the burden of showing that defendant was not free from fault in bringing on the difficulty is on the state.

"(4) The court charges the jury that if, after looking at all the evidence in this case, your minds are left in such a state of doubt or uncertainty that you cannot say, beyond a reasonable doubt, whether the defendant acted upon a well-founded and reasonable belief that it was necessary to shoot at the mother of deceased to save himself from great bodily harm or death, or that he shot before such impending necessity arose, and while shooting at the mother of deceased he accidentally shot deceased and killed her, this is such a doubt as will entitle this defendant to an acquittal, and you should so find.

"(5) Unless each individual member of the jury believes from the evidence that the defendant is guilty beyond a reasonable doubt, your verdict should be, 'not guilty.'"

Still Hunter, of Jasper, and John Stephenson, of Parrish, for appellant.

Charges 2 and 3 should have been given. Turner v. State, 124 Ala. 59, 27 So. 272; Hurd v. State, 94 Ala. 100, 10 So. 528; Forney v. State, 98 Ala. 19, 13 So. 540; Russell v. State, 201 Ala. 572, 78 So. 916; Thomas v. State, 18 Ala. App. 493, 93 So. 287. A well-founded doubt is the same as a reasonable doubt. Creagh v. State, 149 Ala. 8, 43 So. 112. If the state has shown that defendant fled, it is error for the court to refuse testimony on the part of defendant showing what defendant said to them while he was away, and which tended to explain his flight. Gilbert v. State, 20 Ala. App. 28, 100 So. 566; Goforth v. State, 183 Ala. 66, 63 So. 8; Ward v. State, 21 Ala. App. 551, 109 So. 897.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

Motion to quash was properly overruled. Code 1923, § 5202; Smith v. State, 142 Ala. 14, 39 So. 329; Kreutner v. State, 16 Ala. App. 553, 80 So. 127; Sager v. State, 200 Ala. 569, 76 So. 927. Charge 1 was properly refused. Ex parte Davis, 184 Ala. 26, 63 So. 1010; Pippin v. State, 197 Ala. 613, 73 So. 340; Burkett v. State, 215 Ala. 453, 111 So. 34. Charge 4 ignored the doctrine of retreat. Burkett v. State, supra. Charge 5 is not based on all the evidence. Russell v. State, 201 Ala. 572, 78 So. 916. The court properly refused to allow defendant to prove what was said and done shortly after the killing; the state had offered no evidence showing the defendant had fled. 16 C. J. 552; Terry v. State, 13 Ala. App. 115, 69 So. 370.

BROWN, J. [1, 2] The motion for a continuance was addressed to the sound discretion of the trial court, and the exercise of this discretion is not subject to review except for gross abuse. Centennial Ice Co. v. Mitchell, 215 Ala. 688, 112 So. 239; Continental Casualty Co. v. Ogburn, 186 Ala. 398, 64 So. 619.

[3, 4] In the absence of a showing as to what the testimony of the absent witnesses would be, if present, it cannot be affirmed that the overruling of the motion was prejudicial, or that it was an obvious and palpable abuse of the trial court's discretion. D. S. Pate Lumber Co. v. Davis et al., 215 Ala. 547, 112 So. 124; Knowles v. Blue, 209 Ala. 27, 95 So. 481.

If it should be conceded that the motion to quash the indictment stated sufficient grounds, a question of serious doubt, in view of the provisions of section 5202 of the Code of 1923, yet the evidence offered in support of the motion by the defendant disproved all grounds of the motion except the fifth, which asserts that the provisions of the statute (Code 1923, § 8665), requiring four grand juries to be organized in counties of more than 50,000 population so that in such counties two grand juries will be convened during each six months of the year, has been violated.

The appellant advances no argument showing how a lack of compliance by the court with this statute, which in this respect is directory merely, could in any way affect his rights or the validity of the indictment, and after due consideration we are unable to find any merit in this ground of his motion.

[5, 6] Charge 2, requested by the defendant and refused by the court, is in the following language: "Gentlemen of the jury, if the evidence or any part thereof, after a consideration of the whole of such evidence generated a well-founded doubt of defendant's guilt, the jury must acquit him;" and the appellant now insists that the refusal of this charge constituted reversible error, citing as author-

ities to sustain this contention Hunt v. State, 135 Ala. 1, 33 So. 329; Turner v. State, 124 Ala. 59, 27 So. 272.

The charge approved in Hunt's Case was in the following language: "If the evidence or any part thereof after a consideration of the whole of such evidence generates a well-founded doubt of defendant's guilt, the jury must acquit him," while the charge approved in Turner's Case was: "If there is generated in the minds of the jury by the evidence in this case or any part of the same, after a consideration of the whole of such evidence, a well-founded doubt of defendant's guilt, then the jury must acquit him."

A comparison of these charges demonstrates not only that the charge in question is bad in form, but that it possesses misleading tendencies. The charges heretofore approved speak in the present tense, while the charge in question speaks in the past tense, and has a tendency to inculcate the idea that if after a consideration of the whole evidence, if any part thereof generated a reasonable doubt of defendant's guilt, he should be acquitted, though after more mature deliberation and consideration by the jury of the evidence, this doubt was dispelled. It is not an uncommon experience for first impressions arising from the facts of a given case, when considered, to be attended with doubt, while on more mature deliberation such doubt disappears. It is enough to justify the refusal of the charge that it does not speak "in the correct and appropriate terms of the law." Ex parte State ex rel. Atty. Gen. (Bush v. State) 211 Ala. 1, 100 So. 312.

[7] Refused charge 3 justified the defendant in shooting the deceased, though he was not free from fault in bringing on the difficulty, and was refused without error. While the Court of Appeals, in Thomas v. State, 18 Ala. App. 493, 93 So. 287, approved a charge identical with charge 3, this, no doubt, resulted from a failure to observe that while it correctly placed the burden of showing that defendant was not free from fault, on the state, it did not give effect to proof of this fact or predicate defendant's right to an acquittal on the failure of the state to meet this burden. Bluett v. State, 151 Ala. 41, 44 So. 84; Id., 161 Ala. 14, 49 So. 854; O'Rear v. State, 188 Ala. 71, 66 So. 81; Richardson v. State, 191 Ala. 21, 68 So. 57; Glass v. State, 201 Ala. 441, 78 So. 819; Ex parte State ex rel. Attorney General, 207 Ala. 349, 92 So. 606.

[8] Charge 1 was invasive of the province of the jury and misleading. Walker v. State, 117 Ala. 42, 23 So. 149; Ex parte Davis et al., 184 Ala. 26, 63 So. 1010.

217 ALA.—31

[9] Charge 4 is argumentative and ignores the defendant's duty to retreat, if he could do so without increasing his peril, and invades the province of the jury. Burkett v. State, 215 Ala. 453, 111 So. 34.

[10] Charge 5 *authorized an acquittal,* "unless each individual juror believed from the evidence that the defendant was guilty beyond a reasonable doubt." Charges of this character have been condemned. Holmes v. State, 136 Ala. 84, 34 So. 180.

The other refused charges are either unsound in principle, invade the province of the jury, or are argumentative, and were refused without error.

[11-13] The conversation between the defendant, Pressley, and the persons who assisted in arresting the defendant took place about 30 minutes after the defendant had left the scene of the killing, and was so removed, in time and place, from the difficulty as not to be a part of the res gestæ. Madry v. State, 201 Ala. 512, 78 So. 866. The fact that the defendant left the scene of the difficulty immediately after the killing was brought out by the defendant on his examination in chief, and the conversation just adverted to was not admissible to explain why he had fled. It is only when the state offers evidence of flight as a circumstance tending to show guilt that it may be explained by the defendant. Terry v. State, 13 Ala. App. 115, 69 So. 370; Pate v. State, 94 Ala. 14, 10 So. 665.

This disposes of all questions argued by counsel for appellant, and we have examined all other questions presented on the record and find nothing to warrant further treatment.

There is no error in the record, and the judgment of the circuit court is in all things affirmed.

Affirmed.

SAYRE, SOMERVILLE, THOMAS, and BOULDIN, JJ., concur, but would not be understood as holding that where, as here, the Court instructed the jury fully and accurately on the law of reasonable doubt, the cause should be reversed for refusal of Charge 2, if free from the defects of form noted in the opinion.

ANDERSON, C. J., dissents and is of opinion that the refusal constituted reversible error, on the authority of Hunt v. The State, 135 Ala. 1, 33 So. 329.

GARDNER, J., not sitting.