CARMEN MIRANDA DE RODRÍGUEZ, Plaintiff and Appellee, *v.* JOSÉ MÉNDEZ RODRÍGUEZ, Defendant and Appellant.

No. 7006.—Argued April 28, 1936.—Decided January 26, 1937.

*Luis López de Victoria* for appellant. *Leopoldo Tormes García* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an action for damages. The allegations of the complaint are substantially that the plaintiff was living in a house leased by her from the defendant; that the stairway for ingress and egress to and from the house was in a bad state of repair, a fact of which the defendant had been notified; that on December 9, 1933, the stair broke while the plaintiff was going down and the plaintiff fell to the ground, fracturing her right hand, suffering intense pain, incurring expenses and being confined to bed for one month; that the accident was entirely due to defendant's fault in maintaining his leased house in the condition aforesaid. Damages were claimed in the amount of $2,000, together with costs, disbursements and attorney's fees.

The defendant demurred to and answered the complaint. His demurrer for failure to state a cause of action was overruled. In his answer he accepted some facts and denied others, denying among others that the stair was in a bad state of repair and denying that he had been notified of such condition.

A trial was had and the court entered judgment awarding damages in the amount of $300. Costs were also awarded against the defendant.

The defendant appealed. He assigns three errors which in his judgment were committed by the trial court in finding the evidence sufficient to show that the defendant was under a duty to indemnify the plaintiff; in dismissing the plea of contributory negligence as not having been expressly averred in the answer, and in awarding costs and attorney's fees to the plaintiff.

 For a proper study and decision upon the first assignment, we shall commence from the facts found by the trial court as proven, to wit:

"The court, from the study which it has made of all the evidence, is of the opinion that the plaintiff has proven satisfactorily the essential allegations of the complaint. It has been shown that the plaintiff, Carmen Miranda, widow of Rodríguez, was lessee of a house belonging to the defendant, José Méndez Rodríguez, who was represented by his father José Ma. Méndez, as administrator or agent, for the reason that the defendant was absent from the island and in New York; that the plaintiff notified the aforesaid José Ma. Méndez of the bad condition of a small stairway leading from the house to the yard, and that in spite of such notice, neither the defendant nor his agent or administrator made any repairs whatever upon such stairway; that on December 9, 1933, while the plaintiff was going down such stairway, the stairway gave way and the plaintiff fell to the ground, as a result of which fall, she suffered a fracture of her right wrist, being attended by Dr. Rigau of Yauco; that as a result of such fracture the plaintiff suffered intense pain and that due to her age, between fifty and sixty years, although she has not been entirely deprived of the use of her hand and right arm, the wrist has nevertheless become ankylosed according to the testimony of Dr. Rigau; that the accident was due to the fault and negligence of the defendant in not repairing the stairway when he was notified of its bad condition. It was further shown that the plaintiff is not a person of means."

The appellant contends that from these facts it appears that the plaintiff herself was bound to repair the stair in question, in accordance with Section 396 of the Civil Code, 323 of the 1930 edition, taken in conjunction with the third paragraph of Section 1677 of the old law of civil procedure which he contends is still in force upon this point in accordance with a decision of this court in *Mas* v. *Llona*, 31 P.R.R. 28. Section 323 of the Code of Civil Procedure, 1930 ed., provides:

"When a building, wall, column or any other construction is in danger of falling, the owner shall be obliged to demolished it, or to do whatever is necessary to prevent its falling.

"Should the owner of the unstable thing fail to do so, it may be ordered demolished at his expense by the authorities."

And it is provided by the third paragraph of Section 1677 of the old Law of Civil Procedure that:

"The execution of these measures shall be compulsory upon the owner of the ruinous construction, his manager or agent, and, in their absence, upon the lessee or tenant, who shall have the right to deduct the amount expended from the rent or lease price. In the absence of all these persons the plaintiff shall pay the costs, and he shall be entitled to reimbursement of said costs from the owner of the construction, according to the procedure established for judicial compulsion in executory actions."

A simple reading of the provisions of law relied upon by the appellant is sufficient to show that his position is not sound. Those provisions refer to a different situation from that appearing from the facts in this case. The question here involved is not a new one for this court. See the cases of *Roa* v. *Puig et al.*, 19 P.R.R. 366 and *Pérez* v. *Gandía*, 32 P.R.R. 517, in the last of which this court said on page 519:

"The liability of the defendant towards the plaintiff does not spring from any contract entered into directly with her. The complaint alleges the existence of a lease contract between the defendant, the owner of the house, and Conrado Rosario. The allegation that the plaintiff 'was and is living in concubinage' with Rosario was unnecessary. Rosario had a right to receive guests in the house which he rented as a dwelling. Any person could enter it in the ordinary course of business and to all of them the owner was responsible. It was the duty of the owner to keep the house in a habitable condition and if with knowledge of its unsafe condition he negligently failed to repair the defects, he is liable for the damages that may have been caused thereby. His liability arises from the quasi-contract referred to in Section 1803 of the Civil Code, as follows: 'A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.'"

The fact that the person injured was the lessee of the property herself does not change the situation. The duty

to make upon a thing which is the object of a lease contract all the necessary repairs in order to preserve it in condition to serve for the purpose to which it has been destined, is upon the lessor and not the lessee.

■■ The first error was not committed. Let us examine the second. In his statement of the case and opinion the trial judge said:

"Although the defendant discusses in his brief the contributory negligence of the plaintiff, no allegation whatever to that effect appears in his answer, and the authorities are unanimous and conclusive that in order that such a defense may prevail, it must be affirmatively alleged by the defendant and proved. *Maldonado* v. *Hamilton*, 32 P.R.R. 208; *Rivera* v. *Central Pasto Viejo*, 44 P.R.R. 236, 264."

In the second of the two cases cited by the trial court, this Supreme Court, speaking through Mr. Justice Córdova Dávila, said in part:

"After considering and analyzing the pleadings and the evidence adduced, we do not believe that the conclusion is justified that the plaintiff must necessarily have seen and heard, at least with sufficient time to avoid the accident. Moreover, this Court has declared in several decisions that contributory negligence is a defense which must be alleged and proved by the defendant. *Maldonado* v. *Hamilton*, 32 P.R.R. 208; *González* v. *Malgor, Luiña & Co.*, 29 P.R.R. 97; *Truyol Co.* v. *West India Oil Co.*, 26 P.R.R. 321; *Rosado* v. *Ponce Ry. & Light Co.*, 20 P.R.R. 528. This is the doctrine generally prevailing in those States which have adopted the modern system of procedure, unless the contributory negligence appears from the allegations of the complaint or from the plaintiff's evidence, in which case the defendant is not required to allege and prove what the plaintiff himself has already established. Such is not the case here. The defendant sets up in its answer, as its only defense, the allegation that the plaintiff maliciously placed the automobile on the track. This allegation, which has not been proved, can not cover any other act of negligence. The defendant can not go beyond the limits which it set itself in the answer, and must limit itself to prove the defense which was specially alleged. *Atchison T. & S. F. R. Co.* v. *Dickey*, 41 Pac. 1070; *Continental Ice Co.* v. *Mitchell*, 112 So. 239; *American Car & Foundry Co.* v. *Uss*, 211 Fed. 862; *Midland R. R. Co.*

v. *Brown (Texas Court of Civil Appeals)*, 207 S. W. 340; *Heriford* v. *Kansas City Rys. Co.*, 220 S. W. 899." *Rivera* v. *Central Pasto Viejo, Inc.*, 44 P.R.R. 236, 264–65.

The holding of the district court was then erroneous insofar as it failed to set forth the exception to the general rule, although perhaps it might be held that the omission was supplied by the citation of the *Rivera* case, *supra.*

Does the case which we are considering fall within the exception? Does the contributory negligence appear from the allegations of the complaint or from the evidence introduced by the plaintiff herself?

Both from the complaint and from the plaintiff's evidence it appears that the plaintiff knew that the stairway was in a bad state of repair and that she had asked the owner to repair it. In our opinion such a fact standing alone cannot be a basis for a finding of contributory negligence upon the part of the plaintiff barring her right to recover.

"The only logical conclusion which can be reached, when all the cases which have considered the right of those who were injured while voluntarily encountering a known danger", says the Supreme Court of New Hampshire, "to recover are read together, is that the facts that they knew of the danger incident to the condition of which they complain and voluntarily encountered it are not, in and of themselves, conclusive of their right to recover, unless the danger is so great that the ordinary man would not have done what they did. In all other cases these facts are merely evidence to be considered with other relevant facts on the issue of their care." *Kambour* v. *Railroad,* 77 N. H. 33, 49, 86 Atl. 624, 632.

The stairway was in a bad state of repair, the plaintiff notified the defendant, and the defendant promised to repair it and was dilatory in doing so. It has not been shown that the plaintiff knew that the bad condition of the stairway was such that she ought necessarily to have known that it was going to fall merely under her weight when she went down. She might have believed that it was possible to use the stair for some time more.

If the defendant following the general rule had raised the defense of contributory negligence in his answer, the question could have been gone into with greater certainty. He did not do so and under the circumstances, limiting ourselves to the allegations of the complaint and to the evidence of the plaintiff herself, we do not feel warranted in deciding the case in his favor by reversal of the judgment.

There remains for our consideration only the third assignment. It involves the award of costs. No abuse of discretion has been shown. The court reduced considerably the amount of the damages claimed and perhaps in fixing that sum, had in mind the award of costs against the defendant.

In view of what we have said, the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.